## No. 9748.

### Orleans Appeal.

---

# UTLEY PAINT CO. v. E. FOSTER AND B. SHUSHAN, Appellant.

---

(October 29, 1924, Opinion and Decree.)
(November 3, 1924, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Builders and Buildings. Par. 19.**

An owner who makes a contract for painting his house and who fails to require a bond in favor of furnishers of materials makes himself personally liable for the payment of materials used upon his house. Act 139 of 1922, p. 290 (293), Sec. 5.

Appeal from First City Court, Hon. Val J. Stentz, Judge.

This is a suit by a furnisher of materials against the owner and contractor. Judgement for plaintiff. Defendant appealed.

Judgment affirmed.

Sanders, Baldwin, Viosca & Haspel, L. A. Moloney, attorneys for plaintiff and appellee.

Louis L. Rosen, attorney for defendant and appellant.

CLAIBORNE, J. This is a suit by a furnisher of materials against the owner and contractor.

The plaintiff alleges that the defendant, Shushan, as owner, made a contract with the other defendant, Foster, to paint his house; that Shushan failed to require of Foster a bond to secure the payment of

furnishers of materials, and that therefore he is liable to plaintiff for the price of materials furnished amounting to $186.34.

The defendant, Shushan, excepted that the petition disclosed no cause of action and pleaded a general denial.

There was judgment in favor of plaintiff and against both defendants *in solido*. Shushan appealed.

The plaintiff has proven that it furnished the materials to the defendant's property on the order of Foster, and that the price remains due.

On the trial of the case the defense extended far beyond a general denial. It is scattering and hazy. Foster claims $155 for extra work. Shushan says there was only $20 extra work, which he paid for with a dress and an umbrella. Shushan alleges he paid Foster $585 on account of the job. Foster denies it. Shushan denies that he owes Foster any balance because Foster abandoned the job; and that a painter asked him $215 to complete it. He alleges that he called on plaintiff to furnish him with a statement of balance due him for materials, and that plaintiff gave him a bill showing $67.00 balance due by Foster. Plaintiff denied the statement, and called on Shushan to produce the bill, which he failed to do.

Shushan has failed to make out this defense or any other. He is transfixed by the spear of the law.

Sec. 5 of Act 139 of 1922, p. 293, reads as follows:

· "If the owner fails to require a bond from the contractor he shall be liable to furnishers of materials to the same extent as the surety would have been."